UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARNULFO NUNEZ,

   Petitioner,

  v.           Case No.:  2:26-cv-01295-SPC-NPM

TODD BLANCHE *et al.*,

   Respondents,

_____/

## **OPINION AND ORDER**

Before the Court is Arnulfo Nunez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Nunez's reply (Doc. 5).  For the below reasons, the Court grants the petition.

Nunez is a native and citizen of Mexico who entered the United States without inspection in 1995.  He resides in Florida with his wife and four U.S. citizen children, and he has no criminal record.  In March 2018, the government arrested Nunez and commenced removal proceedings.  On April 10, 2018, an immigration judge ordered Nunez released on bond.  Nunez then filed an application for cancellation of renewal, and a hearing on the merits is scheduled for February 26, 2027. On March 4, 2026, Immigration and Customs Enforcement arrested Nunez when he was on his way to work.  Nunez claims his detention violates the Fourth and Fifth Amendments, the Immigration and Nationality Act, and various regulations.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225(b)(2) and is not eligible for release or a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented similar issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, § 1225(b)(2) does not mandate Nunez's detention because he was arrested years after he entered the country.[1]

Noncitizens detained under § 1226(a) have a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 170 F.4th 1128 (8th Cir. 2026), which agreed with the government's interpretation of the INA. The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive. What is more, the Second and Seventh Circuits rejected the government's arguments in *Da Cunha v. Freden*, No. 25-3141 (2nd Cir. 2026) and *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). The Court would normally order the respondents to bring Nunez before an immigration judge for a bond hearing, but that is not necessary here. An immigration judge already Nunez released on bond. The respondents do not claim they revoked the bond, nor do they argue any change in circumstances warrant reconsideration of the bond decision.

Accordingly, it is hereby

**ORDERED**:

Arnulfo Nunez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1)    The respondents shall release Nunez within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3